IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: ) | | |
| GREGG D. WOODS, ) | | |
| ) | Case No. 09-21447-DRD | |
| Debtor. ) | Chapter 7 | |
| _____ ) | | |
| ) | | |
| JILL D. OLSEN, Trustee in Bankruptcy, ) | Adversary No. 09-2080-DRD | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| JP MORGAN CHASE BANK, N.A., et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This adversary comes before the Court on the Motion for Summary Judgment ("Motion") filed by defendant JP Morgan Chase Bank, N.A. ("Defendant" or "JP Morgan") against the Trustee in Bankruptcy, Jill D. Olsen ("Plaintiff" or "Trustee"). Defendant seeks judgment as a matter of law because the adversary complaint is barred by the Rooker-Feldman doctrine and principles of abstention; its interest is not a preferential transfer under 11 U.S.C. § 547(b); its interest is not a fraudulent conveyance under § 548; its interest is not an avoidable unperfected lien under § 544(a); and cannot be recovered under § 550. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (F), (H) & (K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that Defendant is not entitled to a judgment as a matter of law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are as presented in the Complaint and are uncontroverted. On January 23, 2002, debtor Greg Woods and Angella Woods executed a deed of trust in favor of Washington Mutual Bank, FA, granting a security interest in property described as Lot 320A and recorded in Book 1265, Page 903, Records of Boone County, Missouri, which has a common address of 3411 Whitney Court, Columbia, MO 65203. That deed of trust was subsequently transferred to JP Morgan along with other assets of Washington Mutual, and JP Morgan is the current holder of the promissory note and deed of trust. That deed of trust was recorded on February 6, 2002.

On December 28, 2004, Debtor and his spouse executed a deed of trust in favor of defendant U.S. Bank granting a security interest in property described as Lot 322. On September 18, 2006, debtor and spouse executed a deed of trust in favor of defendant Premier Bank granting a security interest in real property described as Tract 1: Lot 321A and Tract 2: A part of Lot 322[1]. This deed of trust was recorded on September 25, 2006.

On December 11, 2008, JP Morgan filed a Petition for Reformation of Deed of Trust and Judicial Foreclosure and to Quiet Title in the Circuit Court of Boone County, Missouri.

On May 26, 2009, the Circuit Court of Boone County, Missouri, entered an Interlocutory Default Judgment reforming the deed of trust in favor of JP Morgan to include the same property description as that in the deed of trust in favor of Premier Bank. This Judgment was recorded on June 10, 2009. On July 6, 2009, the Circuit Court of Boone County, Missouri entered a Judgment and Order by Consent which was recorded on July 15, 2009. The specifics of that Judgment are discussed

---

[1] The full legal descriptions are contained in the Complaint and are not relevant to this analysis. It is sufficient to note that the legal descriptions vary in each deed of trust and that the reformed deed of trust at issue was reformed to include the legal description in the September 18, 2006 deed of trust.

2

further below. Debtors filed bankruptcy on July 10, 2009.

## II. LEGAL ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'." *Id*. Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

### B. Abstention and the Rooker-Feldman Doctrine

Defendant first asserts that this Court should abstain from proceeding with this adversary proceeding in accordance with the Rooker-Feldman doctrine and/or 28 U.S.C. § 1334(c). The Rooker-Feldman doctrine provides that lower federal courts may not review, reverse or modify the judgment of a state court. *See Miller & Miller Auctioneers, Inc. v. Ritchie Bros. Auctioneers Int'l, L.P. (In re Missouri Properties, Ltd.)*, 211 B.R. 914, 927-28 (W.D. Mo. 1996). However, this Court has no intention of sitting in appellate review of the state court's judgments. Rather, as the Trustee points out, this Court assumes that the state court's judgment is valid and will merely determine the applicability of the state court's judgment to § 547(e)(1)(A) of the Bankruptcy Code. Missouri state law determines when a transfer is perfected but the Bankruptcy Code determines whether a transfer is a preference and avoidable.

Defendant asserts that this adversary proceeding is in the nature of a federal appeal of a state court decision in seeking a reexamination and avoidance of the judgments of the state court. However, the Trustee is not seeking reexamination of the state court judgments. Rather, the Trustee is asking this Court to apply the state court judgments, in conjunction with federal bankruptcy avoidance law, to JP Morgan's lien status. As discussed below, the state court judgments are limited to the lien status of and between JP Morgan and Premier Bank and in no way dealt with the lien status of a bankruptcy trustee as a bona fide purchaser. Thus, the Rooker-Feldman doctrine is not applicable in this proceeding.

Likewise, the Court declines to abstain from this proceeding under § 1334. Defendant argues that in order for abstention to be mandatory, six elements must be met which are: (1) whether a timely motion is made; (2) whether the claim or cause of action is based upon state law;

(3) whether the claim or cause of action is related to a bankruptcy case, but did not arise in the bankruptcy case or under the Bankruptcy Code; (4) whether the only basis for original jurisdiction in federal district court is the bankruptcy filing; (5) whether the action has already commenced in state court; and (6) whether the action can be timely adjudicated in the state court system. 28 U.S.C. § 1334(c)(2). However, this section is not relevant to this proceeding. This is not a case of a party attempting to remove a state court cause of action to the bankruptcy court. Rather, in the state court case at issue, that court had entered a final judgment in the deed reformation matter and there is nothing further for that court to do. Consequently, there is no pending state court case in which the issues raised in the complaint can be adjudicated. The pending adversary proceeding before this Court is a core bankruptcy proceeding under § 157(b)(2)(A), (F), (H) and (K). *See Missouri Properties*, 211 B.R. at 922 (citing *Duck v. Munn (In re Mankin)*, 823 F.2d 1296 (9th Cir. 1987)). The Defendant is either confusing, or misconstruing, the "heart" of the adversary proceeding. This is not a proceeding based on Defendant's property rights as determined by state law, but rather a proceeding to determine whether those rights, as determined by the state court judgment, are avoidable under §§ 544, 547, 548 and/or 550 of the Bankruptcy Code. Thus, the claims are based on federal, not state law, even though a subsidiary issue may be governed in part by state law. For these reasons, the Court finds the adversary proceeding does not violate the Rooker-Feldman doctrine, nor does it provide any reason for the Court to abstain from determining the avoidance of Defendant's interest.

### C.  11 U.S.C. §§ 547(b), 548, 544(a), and 550

Defendant next argues that the state court ruling corrected an irregular legal description in a pre-existing and recorded document of conveyance, confirming the perfection on the date of the

original recording and did not create a conveyance or transfer on the date of judgment. It further asserts that a judicial lien is not the basis for its claim and that this Court is without jurisdiction to interfere with the state court's judgment.

The Trustee counters that until the entry of the state court's judgment, a bona fide purchaser could have acquired an interest in the property that was superior to that of Defendant. Thus, pursuant to 547(e), the transfer occurred on July 6, 2009, which was more than 30 days after the date the transfer took effect between the transferor and the transferee on January 23, 2002, and is thus avoidable.

It appears that the general rule in Missouri is that a defective instrument conveying an interest in real estate can be reformed to make it conform to the intention of the parties and that such reformation can relate back to the time the instrument was originally executed. However, it also appears to be the rule in Missouri that such relation back will not be allowed as to a subsequent bona fide purchaser. *See, e.g., Robo Sales, Inc. v. McIntosh*, 495 S.W.2d 420 (Mo. 1973) ("a court of equity will exercise its power to reform instruments...as to purchasers from them *with notice of the facts*." (emphasis added)); *First Nat'l Bank of Poplar Bluff v. R&J Const. Co., Inc. (In re R&J Const. Co., Inc.)*, 43 B.R. 29 (Bankr. E.D. Mo. 1984) ("Under Missouri law, a defective instrument conveying an interest in real estate cannot be reformed where such reformation would prejudice the rights of a *bona fide* purchaser for value of that property... and the Trustee assumed that very status as of 'the time of the commencement of the case.'"); *see also,* 66 Am. Jur. 2d *Reformation of Instruments* §§ 9, 62 (2010).

The Interlocutory Default Judgment entered on May 26, 2009, ordered that judgment was entered reforming the original deed of trust legal description to include the correct tracts 1 and 2

and that the deed of trust as reformed is a lien on the property at 3411 Whitney Court. The relevant findings in the July 6, 2009, state court Judgment and Order by Consent include:

A deed of trust was recorded February 6, 2002 and was later transferred to JP Morgan Chase Bank;

A deed of trust was recorded on September 25, 2006 in favor of Premier Bank which is a lien on the subject property that is junior to JP Morgan's lien;

Judgement was entered in favor of JP Morgan and against Premier Bank that JP Morgan is the owner of a valid and enforceable deed of trust recorded February 6, 2002;

That the deed of trust held by Premier Bank recorded September 25, 2006 is a lien junior to that of JP Morgan's lien on the property.

As noted, this Court has neither the authority nor the inclination to review or modify the state court's judgments. Defendant argues that the pre-petition state court judgment adjudicated that the original recorded deed of trust was reformed and constituted a valid secured lien, maintaining its lien position and deeming its interest perfected as of the date of the recording of its deed of trust. This Court agrees with this argument to an extent but believes that Defendant is misconstruing the plain language of the state court's judgment. As noted above, the state court judgment specifically ordered that JP Morgan has a valid, perfected lien superior to that of Premier Bank. The judgment did not contain any language regarding whether the reformation related back to the original recording date, nor did it address lien priority in relation to any parties other than JP Morgan and Premier Bank, specifically subsequent bona fide purchasers. This is also consistent with *Ladd v. Anderson*, 133 Mo. 625 (Mo. 1896), the only authority cited by Defendant for the proposition that an irregular deed of trust when reformed becomes a lien

superior to that of a subsequent deed of trust. In that case, as here, the only parties involved in the reformation and the court's ruling were the prior lienholders and there were no subsequent bona fide purchasers as parties. Further, in that case as here, the lien priority remained the same as it was prior to reformation, i.e., the first recorded lien was the superior lien.

Pursuant to § 544(a), as of the time of the commencement of the case, the Trustee acquired the rights of a bona fide purchaser. Section 547(e)(1)(A) provides that "a transfer of real property. . . is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee. . . ." Section 547(e)(2)(A) & (B) further provide that a transfer is made "at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after such time,. . . or at the time such transfer is perfected, if such transfer is perfected after such 30 days. . . ." Thus, a bona fide purchaser would not have had notice of the correct property description and could have acquired rights in the property until July 6, 2009[2], the date of entry of the Final Judgment. Therefore, that is the date of transfer and/or perfection as it relates to the Trustee as a bona fide purchaser and that date is well within the 90 day preference period. 11 U.S.C. § 547(b); *see also, Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 216 (1998).

This Court's determination of the date of transfer/perfection as it relates to the Trustee and §§ 547, 548, 544 and 550 in no way disturbs or modifies the state court's judgment. As noted above, the plain and specific language of the state court's judgment dealt only with the validity of

---

[2] The very earliest a bona fide purchaser may have had notice would be the date of entry of the Interlocutory Order, June 10, 2009, still well within the 90 day preference period.

the lien and priority between JP Morgan and Premier Bank. The above analysis is applicable to each of the Trustee's causes of action for avoidance and Defendant's arguments thereto.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Motion for Summary Judgment is hereby denied. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 21st day of June 2010.

/s/ Dennis R. Dow
United States Bankruptcy Judge

Copies to:
Jeffrey T. Weisman
Jill D. Olsen
Jonathan C. Browning
Fred Charles Moon
Nancy J. Gargula
U.S. Bank
Debtors