IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: ) | | |
| GREGG D. WOODS, ) | | |
| ) | Case No. 09-21447-DRD-7 | |
| Debtor. ) | Chapter 7 | |
| _____) | | |
| ) | | |
| JILL D. OLSEN, Trustee in Bankruptcy, ) | Adversary No. 09-2080 | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| J.P. Morgan CHASE BANK, N.A., et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## MEMORANDUM OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This adversary comes before the Court on the motion for summary judgment filed by the Trustee in Bankruptcy, Jill D. Olsen ("Plaintiff" or "Trustee") against defendant J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"). The Trustee asserts entitlement to judgment as a matter of law based on the theory that the judgment reforming the deed of trust creating J.P. Morgan's interest is a preferential transfer under 11 U.S.C. § 547(b) and can thus be avoided. This is a core proceeding under 28 U.S.C. §157(b)(2)(F) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. This is essentially the inverse argument and analysis that the Court already ruled on in its Order Denying Defendant's Motion for Summary Judgment issued on June 21, 2010 (the "Order"). For the reasons set forth below, the Court finds that the Trustee is entitled to a judgment as a matter of law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The uncontroverted facts remain the same as those set forth in the Court's prior Order. In 2002, Greg Woods ("Debtor") and his spouse Angella R. Woods, owned the following lots of real property in Katy Lake Estates subdivision in Columbia, Missouri: Lot 319, Lot 320A, Lot 321A and Lot 322. On January 23, 2002, Debtor and his spouse executed a deed of trust in favor of Washington Mutual Bank, FA, granting a security interest in Lot 320A.[1] That deed of trust, which was recorded on February 6, 2002, was subsequently transferred to J.P. Morgan along with other assets of Washington Mutual. J.P. Morgan is the current holder of the promissory note and deed of trust. On September 18, 2006, Debtor and his spouse executed a deed of trust in favor of defendant Premier Bank granting a security interest in Lot 321A and part of Lot 322.[2] This deed of trust was recorded on September 25, 2006.

J.P. Morgan identified that the deed of trust filed in 2002 contained an incorrect legal description. On December 11, 2008, J.P. Morgan filed a Petition for Reformation of Deed of Trust and Judicial Foreclosure and to Quiet Title in the Circuit Court of Boone County, Missouri. On May 26, 2009, the Circuit Court of Boone County, Missouri, entered an Interlocutory Default Judgment[3] reforming the deed of trust in favor of J.P. Morgan to include the same property description as that in the deed of trust in favor of Premier Bank. This Judgment was recorded on June 10, 2009. On July 6, 2009, the Circuit Court of Boone County, Missouri entered a final Judgment and Order by

---

[1] Trustee's Exhibit A.

[2] The full legal descriptions are contained in the Complaint and are not relevant to this analysis. It is sufficient to note that the legal descriptions vary in each deed of trust and that the reformed deed of trust at issue was reformed to include the legal description in the September 18, 2006 deed of trust. See Trustee's Exhibit B.

[3] Trustee's Exhibit C.

Consent which was recorded on July 15, 2009.[4]  Debtor filed bankruptcy on July 10, 2009.

## II.  LEGAL ANALYSIS

### A.  Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).  Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'."  *Id*.  Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant."  *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994).  When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable."  *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

---

[4] Trustee's Exhibit D.

### B.  11 U.S.C. §§ 547(b) and (e)

"Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation."  *Wells Fargo Home Mortgage, Inc. V. Lindquist*, 592 F.3d, 842 (8th Cir. 2010) *quoting Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.)*, 986 F.2d 228, 230 (8th Cir. 1993).  The trustee must establish each of these elements by a preponderance of the evidence.  *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (B.A.P. 8th Cir. 2000).

The Trustee's citation to § 547(f) is correct regarding the presumption of insolvency on and during the 90 days preceding the date of the filing of the petition.  As J.P. Morgan presented no evidence to rebut this presumption, the 4th element is satisfied.  The Trustee asserts that the 6th element is satisfied by the fact that Debtor's Schedules A-F indicate that his assets total $340,341.82 and his total liabilities are $1,459,029.71, which establishes that if unsecured creditors will not be paid in full, and if J.P. Morgan were to recover anything based on its deed of trust, it would receive more than it would receive had the transfer not been made and J.P. Morgan had been paid in a Chapter 7 liquidation on a pro-rata basis with other creditors.  The Court agrees; therefore, the 6th element is satisfied.

With regard to the remaining §547(b) elements, a "transfer" has been described as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or

4

parting with property or with an interest in property, including retention of title as a security interest." *In re Huling*, 418 B.R. 335, 340 (Bankr. E.D. Mo. 2009) *citing In re Meritt*, 7 B.R. 876, 878 (Bankr. W.D. Mo. 1980) (holding that a transfer can be a perfection of a security interest). According to §547(e)(2), a "transfer" is made:

> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time ...

> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days

11 U.S.C. § 547(e)(2).

In determining whether to look at January 23, 2002 or May 26, 2009 as the date of "transfer" between the transferor and the transferee, the Court applies the same analysis as it did in its prior Order, which is that a defective instrument conveying an interest in real estate can be reformed to make it conform to the intention of the parties and that such reformation can relate back to the time the instrument was originally executed. However, it also appears to be the rule in Missouri that such relation back will not be allowed as to a subsequent bona fide purchaser. *See, e.g., Robo Sales, Inc. v. McIntosh*, 495 S.W.2d 420 (Mo. 1973) ("a court of equity will exercise its power to reform instruments...as to purchasers from them *with notice of the facts*." (emphasis added)); *First Nat'l Bank of Poplar Bluff v. R&J Const. Co., Inc. (In re R&J Const. Co., Inc.)*, 43 B.R. 29 (Bankr. E.D. Mo. 1984) ("Under Missouri law, a defective instrument conveying an interest in real estate cannot be reformed where such reformation would prejudice the rights of a *bona fide* purchaser for value of that property... and the Trustee assumed that very status as of 'the time of the commencement of the case.'"); *see also,* 66 Am. Jur. 2d *Reformation of Instruments* §§ 9, 62 (2010).

Section 547(e)(1)(A) provides that "a transfer of real property ... is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee ...." 11 U.S.C § 547(e)(1)(A). In this case, until the Interlocutory Default Judgment that reformed the deed of trust held by J.P. Morgan was issued on May 26, 2009 and then recorded on June 10, 2009, a bona fide purchaser could have acquired an interest in the Debtor's property that was superior to that of J.P. Morgan. Once that Judgment was issued and then recorded, JP's interest in Debtor's property was properly recorded and all subsequent bona fide purchasers were on notice. Therefore, pursuant to §547(e)(1)(A), perfection of the lien and the "transfer" of Debtor's interest occurred on either May 26th or July 10, 2009, either of which was more than 30 days after the date the transfer took effect between the transferor and the transferee on January 23, 2002, and both of which are well within the 90 days prior to the commencement of the bankruptcy case.

J.P. Morgan argues that the Interlocutory Default Judgment dated May 26, 2009, and recorded on July 10, 2009, provides notice sufficient to any hypothetical bona fide purchaser includes the Trustee. While this assertion is factually accurate, because the Trustee is not seeking summary judgment on the §544 claim asserted in the complaint, J.P. Morgan's argument is not relevant.

J.P. Morgan also argues that the Trustee may only avoid the deed as to debtor Gregg Woods' one-half interest in the real property and not the one-half interest of his ex-wife Angella Woods. The fact that Debtor owns only one half (½) interest is inapposite to the question of whether the Court may avoid a preferential transfer. All the Court may do is avoid the deed to the

extent that it encumbers the interest the Debtor has, which in this instance appears to be a one-half (½) interest, but that fact does not prevent the Court from issuing an order resolving the § 547(b) issue in this case. The Trustee will need to deal with Angella Woods' one half (½) interest in the property in another way.

J.P. Morgan re-asserts its arguments that the reformation judgments were not transfers as defined by § 547(a), that granting the relief requested by the Trustee is precluded by the Rooker-Feldman doctrine and that the Court should abstain from this proceeding pursuant to §1334. The Court disagrees and incorporates its reasoning and ruling contained in its prior Order Denying Defendant's Motion for Summary Judgment issued in this adversary.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Trustee's Motion for Summary Judgment is hereby granted. The Court hereby grants the Trustee judgment as to Count I of the Complaint for Avoidance and Recovery of Transfers of Property. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 25th day of January 2011.

/s/ Dennis R. Dow
United States Bankruptcy Judge

Copies to:
Jeffrey T. Weisman
Jill D. Olsen
Jonathan C. Browning
Fred Charles Moon
Nancy J. Gargula

U.S. Bank
Debtors